**IN THE SUPERIOR COURT
OF GUAM**

In the Matter of:                                         )        Special Proceedings No. SP151-10
VAN MURER, FRANKIE PEREZ, RANDY  )
SABLAN, MARK MERFALEN, JEFFEREY )
NEDEDOG, BRANDON AFLAGUE,            )        **DECISION AND ORDER**
KENNY ATOIGUE, JOSEPH N. CRUZ,       )
MELVIN QUINENE, EDWIN KAULIA,        )
RUDY TAIMANGLO, MICHAEL               )
CUASITO< CINDY TOVES-CORPUZ,        )
                                                                )
                            Petitioners,                       )
            vs.                                                 )
                                                                )
GUAM CIVIL SERVICE COMISSION       )
                                                                )
                            Respondent.                      )
                                                                )
                                                                )
                                                                )
_____   )
                                                                )
A.B. WONPAT INTERNATIONAL           )
AIRPORT AUTHORITY,                       )
                                                                )
                            Real Party in Interest. )
_____   )

**INTRODUCTION**

This matter was submitted for consideration without oral argument to the Honorable Judge Michael J. Bordallo on September 5, 2012. Petitioners were represented by Attorney Jacqueline Taitano Terlaje. The Real parties in interest, Guam Civil Service Commission (hereafter GCSC) were represented by Attorney Janalynn Cruz Damain. Having reviewed the memorandum and papers presented, the court now issues the following decision conditionally denying Petitioners' request and allowing them 14 days to file an amended paper.

**BACKGROUND**

Petitioners are classified employees with the Guam Aircraft Rescue and Firefighting Division (hereafter GIAA). They initiated informal grievance procedures which were denied by the GIAA board and upheld by the GCSC. Petitioners then filed this action. On July 10, 2012 the Petitioners' action was dismissed. On July 25, 2012, Petitioners filed a paper entitled

Motion for Reconsideration. In their paper Petitioners request that the court's July 10, 2012 decision and order be reconsidered for the purposes of considering and granting its request to amend its petition. Respondent and Real Party in Interest did not submit any papers in opposition to Petitioners' request. On September 5, 2012 the Petitioners filed a paper entitled, Stipulation and Order for Submission of Petitioners' Motion for Reconsideration Without Oral Argument.

## DISCUSSION

Petitioners have requested that the court reconsider its July 10, 2012 decision and grant their request to amend their initiating pleading, Petition for Judicial Review. The Supreme Court of Guam has held that Rule 59(e) of the Guam Rules of Civil Procedure regulates a court's consideration of a request to reconsider a prior decision. *Rong Chang Company, Ltd., Inc. v. M2P*, Inc., 2012 Guam 1 ¶ 16. Rule 59(e) provides, "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Guam R. Civ. P. 59(e). The Court has interpreted this sub-part of rule 59 to allow the reconsideration of a prior order when, "the trial court: (1) is presented with new evidence; (2) committed clear error or the decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *M2P, Inc.*, 2012 Guam 1 ¶ 16.

In this case the Petitioners argue that the court's decision should be reconsidered because the court did not analyze or articulate whether Petitioners might be allowed amend their pleading. *Mot.* at 1. Petitioners support this argument with several decisions that have found a court's failure to analyze this issue to be improper. *Id.* at 2-3. However, Petitioners do not assert that a court's failure to, in writing, analyze this issue rises to the level of clear error or manifest injustice. *Id.* They also do not assert that there has been a change in controlling law or present the court with any new evidence which might allow its reconsideration. *Id.*

Rule 15 regulates a when the court may grant a motion to amend a pleading. Guam R. Civ. P. 15. In pertinent part it provides, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." In this case although Petitioners request that they be allowed to amend their pleadings they do not assert how they would amend their complaint or argue how that amendment might meet the appropriate standards of review; a finding that it is required by justice or that it would not be futile. *Id.* Absent Petitioners asserting these facts the court is unable to grant their request. *Lamb v. Hoffman*, 2008 Guam 2, ¶¶ 34-36.

## CONCLUSION

Based on the foregoing, the court conditionally denies Petitioners' request to reconsider. Petitioner shall be allowed 14 days from the date of this order to file an amended request to reconsider which Respondent may oppose and Petitioner reply. If no amended paper is filed within 14 days, the court's denial of Petitioners' request shall take effect.

SO ORDERED, this 17 day of July 2013.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

JUL 17 2013

Edna M. Nego
Deputy Clerk, Superior Court of Guam